87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Isaac THOMPSON, Plaintiff-Appellant,
v.
LONG TERM DISABILITY PLAN FOR EMPLOYEES OF USG CORPORATION,
Defendant-Appellee.
 No. 95-55030.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1996.*
Decided June 18, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Isaac Thompson, a former employee of USG Corporation, appeals the district court's grant of summary judgment against him in his action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001. He challenged the Plan administrator's determination that he was not eligible for Long Term Disability payments because he was not permanently disabled following a 1990 automobile accident. We affirm.
 
 1. Consideration of Additional Evidence
 
 3
 The Plan does not dispute that the district court properly reviewed the Plan's denial of Thompson's claim de novo. If a district court is reviewing an administrator's determination of benefits de novo, "new evidence may be considered under certain circumstances to enable the full exercise of informed and independent judgment." Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 943 (9th Cir.1995). We have also emphasized that the district court should take additional evidence "where the original hearing was conducted under a misconception of the law." Id. at 944. In this case, the administrator was not operating under a misconception regarding the law. Rather, the district court decided to hear new evidence that was developed at a time subsequent to the administrator's decision. That is exactly the type of evidence that should not be admitted at the district court level, where it is not necessary in order to make an informed judgment. Id.; see Podolan v. Aetna Life Ins. Co., 909 F.Supp. 1378, 1386 (D.Idaho 1995).
 
 
 4
 Perhaps if a vocational assessment were always a necessary element of a total disability claim, the district court would have been required to obtain that evidence because the administrator would have misinterpreted the law. The district court quoted Jenkinson v. Chevron Corp., 634 F.Supp. 375, 379 (N.D.Cal.1986) for the proposition that "a determination as to whether the 'any occupation' definition of disability has been met by a claimant requires consideration of" an expert vocational assessment. But we have rejected the Jenkinson analysis. See McKenzie v. General Tel. Co., 41 F.3d 1310, 1317 (9th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1697, 131 L.Ed.2d 560 (1995). As we said in that abuse of discretion case, a vocational assessment is not necessary if the administrator's determination that a claimant is not disabled under the "any occupation" standard is supported by substantial evidence. See id. at 1316. In a case involving a de novo standard the district court must find persuasive, rather than substantial, evidence to support the finding that the claimant can work, but if that exists the court need not take new evidence in the form of a vocational assessment. See Mongeluzo, 46 F.3d at 943-44.
 
 
 5
 However, at the district court both parties agreed that the Plan should seek a vocational assessment and make a redetermination after it reviewed it. The Plan did just that and the district court then reviewed the Plan's determination based upon the supplemented Plan record. Thus, as the case reaches us neither party is in a position to complain about the procedure, although that does not preclude complaint about the ultimate result.
 
 2. Evidence of Total Disability
 
 6
 The district court did not err when it granted summary judgment to the Plan because the evidence of record overwhelmingly demonstrated that the Plan did not err when it denied disability benefits to Thompson. Even without the vocational assessment, that was so. As it was, the evidence did include Mr. Ey's vocational assessment of whether Thompson could engage in any occupation. Mr. Ey recited Thompson's educational and employment history, opined that occupations were available, and even listed some firms where Thompson could apply for a position.[1]
 
 
 7
 The vocational assessment, in turn, was based upon medical reports by various physicians evaluating Thompson's mental and physical condition which were also part of the record. Those medical evaluations relied upon still other medical evaluations. None of the evaluators concluded that Thompson was completely incapable of performing any appropriate occupation within the meaning of the Plan.[2] As no genuine issues of material fact regarding Thompson's long-term disability can be found in the record, the district court did not err in granting summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Furthermore, Mr. Ey did not improperly respond to hypotheticals posed by Thompson. He simply reformulated them to conform to the facts and assumptions actually contained in Dr. Nussdorf's report. Mr. Ey's consideration of accurate medical data in reaching his own conclusions is entirely proper. Cf. Jenkinson, 634 F.Supp. at 379
 
 
 [2]
 Dr. McCullough's report is not reviewable on appeal because the district court never admitted it into evidence. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir.1988). The failure to make the report part of the record occurred at the request of Thompson's counsel, who withdrew it from consideration at the hearing on the motion for summary judgment. In any event, Thompson himself concedes that the report is not part of the record